FILED

Dec 05 2018, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Brian W. Welch
Randolph L. Seger
Michael T. Griffiths
Bingham Greenebaum Doll, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana
Patricia C. McMath
Deputy Attorney General
Indianapolis, Indiana

Beth E. Heline
Jeremy R. Comeau
Thomas M. Fisher
Lara K. Langeneckert
Julia C. Payne
Indiana Utility Regulatory Commission
Indianapolis, Indiana

Daniel M. Le Vay
William I. Fine
Scott C. Franson
Abby R. Gray
Daniel M. Le Vay
Indiana Office of Utility Consumer
Counselor
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Hamilton Southeastern Utilities, Inc.,

*Appellant-Petitioner,*

v.

Indiana Utility Regulatory Commission; Indiana Office of Utility Consumer Counselor; and Apartment Association of Indiana, Inc.,

*Appellees-Respondents.*

December 5, 2018

Court of Appeals Case No. 93A02-1612-EX-2742

Appeal from the Indiana Utility Regulatory Commission

The Honorable Aaron A. Schmoll, Senior Administrative Law Judge

Cause No. 44683

**Riley, Judge.**

# OPINION ON REMAND

[1]    Appellee-Respondent, Indiana Utility Regulatory Commission (the Commission), sought transfer to our supreme court on the issue of whether this court properly dismissed it from the instant appeal. On June 27, 2018, the supreme court issued its decision holding that the Commission was a proper party, reversing our holding on the SAMCO-related expenses issue, and directing us to permit the Commission an opportunity to brief the SAMCO issue. *Hamilton Southeastern Utils., Inc. v. Ind. Util. Regulatory Comm'n*, 101 N.E.3d 229, 234 (Ind. 2018). On October 10, 2018, the Commission filed what was its second Appellee's Brief in this matter. After considering the Brief of Appellant-Petitioner, Hamilton Southeastern Utilities (HSE), and the Commission's second Brief of Appellee, we conclude that the Commission's

Order disallowing HSE's requested 3% SAMCO hourly billing rate increase and 10% management fee was unsupported by substantial evidence, unreasonable, and arbitrary.

# DISCUSSION AND DECISION

[2] As we noted in our previous decision, our review of the Commission's Order involves multiple levels. "On the first level, it requires a review of whether there is substantial evidence in light of the whole record to support the Commission's findings of basic fact. Such determinations of basic fact are reviewed under a substantial evidence standard, meaning the order will stand unless no substantial evidence supports it." *North Ind. Pub. Serv. Co. v. U.S. Steel Corp.*, 907 N.E.2d 1012, 1015 (Ind. 2009) (citation and footnote omitted). When reviewing an order issued by the Commission, we neither reweigh evidence nor assess witness credibility, and we consider only the evidence favorable to the Commission's findings. *Id.* However, the Commission's order is not binding if it is unreasonable or arbitrary. *Id.*

[3] "At the second level, the order must contain specific findings on all the factual determinations material to its ultimate conclusions." *Id.* The Commission is required to enter findings of fact pursuant to Indiana Code sections 8-1-1-5 and 8-1-3-1. The Commission's findings of fact are important because they assist in the understanding of the Commission's reasoning and policy judgments, they allow for a reasoned and informed basis of review, and they decrease the likelihood that we will substitute our judgment on complex evidentiary issues

and policy determinations best left to an agency with technical expertise. *North Ind. Pub. Serv. Co. v. LaPorte*, 791 N.E.2d 271, 278 (Ind. Ct. App. 2003). Further, requiring findings of fact assists the Commission in avoiding arbitrary and capricious action. *Id.*

[4] HSE has contracted with SAMCO to perform its operations since HSE's inception approximately twenty-five years ago. SAMCO's billing rates were based on an affiliate contract that was routinely filed with the Commission. In HSE's last rate case in 2010, the OUCC had offered similar arguments as it did here against SAMCO's billing rates and management fee based on the NARUC guidelines. The Commission had rejected those arguments in 2010 based on HSE's market study evidence showing SAMCO's billing rates were at or below market rates and evidence of the standard industry practice of affiliates charging comparable management fees.

[5] In the present rate case, although HSE presented the same type of evidence it had in its last rate case, the Commission this time applied the NARUC guidelines as urged by the UOCC and found HSE's evidentiary support for the SAMCO expense related portion of HSE's rate increase request to be inadequate because it had not supplied information regarding SAMCO's fully allocated costs. The Commission implicitly found that the NARUC guidelines were reasonable and applicable to HSE in this rate case, but it did not enter any specific findings regarding why it had reached this conclusion, and, thus, the Commission's order on this issue was not supported by substantial evidence, was not reasonable, and was arbitrary. *North Ind. Pub. Serv. Co.*, 907 N.E.2d at

1015. The Commission's lack of findings was particularly unreasonable given that the effect of the Commission's future application of the NARUC guidelines to HSE and SAMCO will apparently have the effect that SAMCO will no longer operate as an entity which can charge HSE a profit, which represents a dramatic change in its business model. In addition, the Commission's findings shed no light on why it chose to apply the portion of the NARUC guidelines pertaining to fully allocated costs when the NARUC guidelines themselves provide that "[u]nder appropriate circumstances, prices could be based on incremental cost, or other pricing mechanisms as determined by the regulator." (Non-confidential Exhs. Vol. III, p. 174).

[6] The Commission argues that the NARUC guidelines were simply "another piece of substantial evidence in the record" it considered in reaching its decision. (Appellee's Br. p. 16). However, the Commission used the NARUC guidelines as a standard for assessing the sufficiency of the evidence supporting the reasonableness of HSE's rate increase request. Although, as before, we need not address whether the Commission engaged in impermissible rule-making by applying the NARUC guidelines, we reject the Commission's characterization of those guidelines as just another type of evidence it considered. Furthermore, contrary to the Commission's argument on appeal, the fact that OUCC urged the Commission to apply the NARUC guidelines to the SAMCO-related expenses in its pre-filed testimony did not put HSE on notice that the Commission would apply those guidelines to the evidence HSE submitted in this rate action, particularly since it had rejected those guidelines

in HSE's last rate case. We again reverse the Commission on the SAMCO expenses issue and remand for it to make additional findings to support its decision or for a recalculation of HSE's rate.

[7] Reversed and remanded.

[8] Robb, J. and Pyle, J. concur